## GRAY v. ASPIRONAL LABORATORIES et al.

Circuit Court of Appeals, Fifth Circuit. February 8, 1928.

No. 5034.

Corporations ⬅198—Stockholder held estopped to question unauthorized gift of stock by directors, by action of her proxy in voting her stock to ratify gift.

Complainant, a stockholder, *held* estopped to maintain suit to cancel unauthorized gift of stock by the directors to the president of the corporation, by the action of her proxy in voting her stock to ratify the gift, though she had no personal knowledge of the transaction, being chargeable with the knowledge of her agent.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by May Cage Gray against the Aspironal Laboratories and others. From the decree, complainant appeals. Affirmed.

Edgar Watkins and Mac Asbill, both of Atlanta, Ga. (Edgar Watkins, Jr., of Atlanta, Ga., on the brief), for appellant.

Walter T. Colquitt and Ben J. Conyers, both of Atlanta, Ga. (W. J. Laney, of Atlanta, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant, a stockholder in appellee corporation, brought this suit, in her own behalf and in behalf of all other stockholders who might join with her as complainants, to recover the value of or cancel certain shares of capital stock that had been issued by the corporation to appellee H. N. Alford, its president.

In April, 1920, while the capital of the corporation amounted to 10,000 shares, of the par value of $10 per share, its stockholders voted for an increase of 15,000 shares, and provided that 10,000 shares should be offered at $10 per share to stockholders, and the remaining 5,000 shares should be offered at $15 per share. The executive committee of the board of directors passed a resolution, which bears date as of May 24, 1920, to the effect that Alford, in view of what he "had done for Aspironal in originating and placing it in the hands of the company," be allowed to

24 F.(2d)—7

pay for his allotment of stock out of dividends. Alford owned 3,100 shares of the old stock, and had issued to himself approximately 3,900 shares of the new stock, for which he gave notes which provided, as authorized by the resolution, for payment only out of the dividends. In September, 1920, appellant bought 335 shares at $15 per share.

There was evidence to the effect that at the meeting of stockholders held in 1921 the resolution of the executive committee authorizing the issuance of stock to Alford was read, and that at the meeting of stockholders held in 1922 the right to vote that stock was challenged, but, upon a vote being taken, was sustained. This testimony, although contradicted, was accepted as true by the district judge, and, as it was supported by some of the witnesses who personally appeared before him, his concluison will be taken by us to be correct. In the vote on the resolution, the challenged stock issued to Alford held the balance of power. Appellant's stock was represented at both meetings by her proxy, Jacobs, who at the 1922 meeting of the stockholders voted to sustain the resolution of the executive committee. Appellant had no personal knowledge of the terms of Alford's subscription for new stock until in 1926, shortly before she brought her suit. Jacobs was also a stockholder in appellee corporation, and until 1926 had a contract to do the advertising for the Aspironal Laboratories, and received a commission from the publishers, at the same rates, however, as the appellee corporation would have been required by such publishers to pay. The District Judge denied the relief prayed as to 3,100 shares, but required Alford to surrender the excess upon his election not to take and pay therefor.

In our opinion the decree of the lower court was correct. The stockholders authorized 10,000 shares to be distributed at $10 per share in such manner that each stockholder would be entitled to acquire at par one share of new stock for each old share held by him. Authority was not conferred upon the board of directors or the executive committee to make a gift of stock. The effect of the resolution was to give away stock to Alford, and was therefore beyond the power of the directors. It was the right of any stockholder to protect the value of his own stock, but a stockholder who acquiesced or actively aided in the depreciation of his own stock is estopped to complain. Appellant must be held to be estopped, because the stock was voted to bring about the result complained of. She is bound by the act of her

proxy, even though she had no personal knowledge of it, because he was her agent and she is chargeable with his knowledge.

A suggestion is made that, if Jacobs voted appellant's stock to uphold the gift to Alford, which is denied, he did so because of his interest in the company under his contract to secure the company's advertising, and thus was acting in his own interest, and against appellant's interest, and therefore that his knowledge as agent could not be attributed to his principal. It does not appear from the evidence that appellant was ignorant of Jacob's advertising contract. The burden was on her to show that; if with knowledge of the existence of that contract she nevertheless allowed him to act as her proxy, it cannot be said that he violated any trust. It is not contended that Jacobs was guilty of actual fraud, or even of bad faith. We are of opinion that notice to Jacobs must be treated as notice to appellant.

The decree is affirmed.